*T. H. Hanks, for appellees.*

------

### FRED MIRDDLE *v.* COMMONWEALTH.

**Criminal Law.**

   In the absence of a statute it is not a felony to steal or injure a dog.

**Sufficiency of Indictment.**

   An indictment is not sufficient which charges that defendants confederated together for the purpose of alarming and intimidating one at his own house, and cut and injured his dog. It is not enough that the prosecuting witness was alarmed or intimidated by the injury inflicted on dog; it must appear that he was alarmed and intimidated by the defendants, and further that they went to his house, not to injure the dog, but to alarm and intimidate him.

#### APPEAL FROM BELL CIRCUIT COURT.

February 18, 1880.

OPINION BY JUDGE PRYOR:

The only offense charged in the indictment for which the punishment by confinement in the penitentiary in this case has been inflicted is, that the parties confederated together for the purpose of alarming and intimidating one Kellner at his own house, and cut and injured a dog, the property of said Kellner.

The act under which this indictment is framed does not in express terms or by implication abolish the common-law rule in regard to felonies, and while the owner may have his redress by a civil action for an injury to his dog, or for the reason that he has been wrongfully deprived of the animal, still it was not a felony at common law to steal the dog; nor is an injury to it such an invasion of the right of property as makes the offense a felony, in the absence of any statutory regulation changing the common-law doctrine on the subject. There is no bill of evidence in the record, but we have the indictment and the instruction before us under which the appellant has been punished in a manner not provided by law.

The extreme punishment in this case, if the parties are guilty, can only be confinement for twelve months in the state prison, and then not for killing the dog, but for intimidating and alarming the owner. Nor is the mere fact that the owner was alarmed or intimidated by the injury inflicted on the dog sufficient; it must appear that he was alarmed and intimidated by the defendants, and further that they went to his house, not to shoot or injure the dog, but to alarm Kellner.

The judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*L. Farmer, for appellant. J. M. Unthank, for appellee.*